F. Jay Rahimi, Esq. (SBN: 305286)
Jay@jrahimilaw.com
**The Law Offices of F. Jay Rahimi**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone: (818) 445-4274
Facsimile: (866) 543-4345

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dejuan Dangerfield,<br><br>            Plaintiff,<br>v.<br><br>Focus Receivables Management LLC,<br><br>            Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCCRAA") to insure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4. Dejuan Dangerfield ("Plaintiff"), through Plaintiff's attorneys, bring this action to challenge the actions of Focus Receivables Management LLC

("Focus Receivables" or "Defendant") with regard to Defendant's failure to adhere to its duty to accurately furnish Plaintiff's credit information to the Credit Reporting Agencies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental State claims.

11. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"); and, (iii) the California Consumer Credit Reporting Agencies Act. Cal. Civ. Code § 1785 *et seq.* ("CCCRAA").

12. Because Defendant regularly does business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff

resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business in this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

15. Focus Receivables is located in the City of Marietta, Cobb County, the State of Georgia, and regularly does business in California.

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3); and, Cal. Civ. Code § 1785.3(b).

17. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of Defendant's businesses, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural individual and thus a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

19. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times relevant, Focus Receivables conducted business within the State of California.

24. Sometime prior to May 17, 2012, Plaintiff is alleged to have incurred certain financial obligations to Terminix International ("Terminix").

25. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt as it is irrelevant to this action.

26. On May 17, 2012, Terminix placed the debt for collections with the Defendant, Focus Receivables Management LLC.

27. Plaintiff never received any communications from Focus Receivables regarding the status of the debt.

28. Sometime around February 9th, 2016, Focus Receivables furnished this information regarding the alleged debt to TransUnion.

29. On March 7, 2016, Plaintiff reviewed his Credit Report and discovered that the Terminix debt had been sent to collections, and Focus Receivables furnished this information to TransUnion.

30. On March 9, 2016, after seeing the adverse account on his Credit Report, Plaintiff contacted Focus Receivables by telephone in an effort to amicably resolve Plaintiff's alleged debt. During this conversation, Focus Receivables told Plaintiff that it would furnish updated information regarding the Terminix account 30 days after Plaintiff paid the alleged debt.

31. On March 9, 2016 Plaintiff paid Focus Receivables the amount of the alleged debt in an effort to settle the debt and have the adverse account updated on his credit report.

32. Thereafter, Plaintiff requested, and Focus Receivables sent to Plaintiff, a letter acknowledging that the alleged debt had been paid in full.

33. Plaintiff reviewed his TransUnion credit report again on August 25, 2016 and the adverse account information furnished by Focus Receivables was not updated showing an outstanding balance. The TransUnion report showed that the account was still "In Collections," despite Plaintiff having paid the alleged debt five months prior.

34. Through this conduct, Focus Receivables violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Focus Receivables also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Focus Receivables violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Focus Receivables also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Focus Receivables violated Cal. Civ. Code § 1785.25(b) by failing to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or

experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

37. Because Focus Receivables is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). Focus Receivables knew or should have known that Plaintiff had paid off the alleged debt and that it was no longer in collections. Thus, Focus Receivables violated Cal. Civ. Code § 1785.25(b).

38. As a result of said inaccurate reporting, Plaintiff suffers, and continues to suffer, actual damages, including harm to his credit-worthiness, credit history, and credit scores.

## COUNT I

## Fair Debt Collection Practices Act (FDCPA)

## 15 U.S.C. §§ 1692 *et seq.*

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Count II

### Rosenthal Fair Debt Collection Practices Act (RFDCPA)
### Cal. Civ. Code §§ 1788-1788.32

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

44. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Count III

### Violation Of California Consumer Credit Reporting Agencies Act
### Cal. Civ. Code § 1785.1 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

47. In the regular course of its business operations, Focus Receivables routinely furnishes information to credit reporting agencies pertaining to transactions between Focus Receivables and Focus Receivables' consumers, so as to

provide information to a consumer's credit worthiness, credit standing and credit capacity.

48. Because Focus Receivables is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). Focus Receivables knew or should have known that Plaintiff had paid off the alleged debt and that it was no longer in collections. Thus, Focus Receivables violated Cal. Civ. Code § 1785.25(b).

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## Count I

## Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 *et seq.*

49. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

50. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

51. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

//

## Count II

## Rosenthal Fair Debt Collection Practices Act

## Cal. Civ. Code §§ 1788-1788.32

52. An award of actual damages pursuant to California Civil Code § 1788.30(a);

53. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

54. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## Count III

## California Consumer Credit Reporting Agencies Act

## Cal. Civ. Code §§ 1785 *et seq.*

55. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

56. An award of punitive damages of $5,000.00 pursuant to Cal. Civ. Code § 1785.31(a)(2)(B).

57. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1785.31(d).

## Trial By Jury

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Date: September 9, 2016

By: s/ _____
F. Jay Rahimi
Attorney for Plaintiff